WRIGHT, FINLAY & ZAK, LLP
Robin P. Wright, Esq., SBN 150984
Bradford E. Klein, Esq., SBN 259252
Richard J. Lee, Esq., DBN 268713
4665 MacArthur Court, Suite 200
Newport Beach, CA 92660
Telephone: (949) 477-5050; Facsimile: (949) 608-9142
rwright@wrightlegal.net; bklein@wrightlegal.net; rlee@wrightlegal.net

Attorneys for Defendant, U.S. BANK, N.A. AS TRUSTEE FOR LEHMAN XS
TRUST, SERIES 2006-GP1

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ARGELIA CRUZ, an individual | ) Case No.:  CV13-08904-SJO-SS |
| | ) |
| Plaintiff, | ) **NOTICE OF MOTION AND** |
| | ) **MOTION TO DISMISS** |
| v. | ) **PLAINTIFF'S COMPLAINT FOR** |
| | ) **FAILURE TO STATE A CLAIM** |
| U.S. BANK, N.A. AS TRUSTEE FOR | ) **UPON WHICH RELIEF CAN BE** |
| LEHMAN XS TRUST, SERIES 2006- | ) **GRANTED; MEMORANDUM OF** |
| GP1; RAC DEVELOPMENT, INC., a | ) **POINTS AND AUTHORITIES IN** |
| California Corporation and  Does 1 | ) **SUPPORT THEREOF** |
| through 10 inclusive. | ) |
| | ) **[FRCP Rule 12(b)(6)]** |
| Defendants. | ) |
| | ) Date:     April 7, 2014 |
| | ) Time:    10:00 a.m. |
| | ) Ctrm:    1 – 2nd Floor |
| | ) |
| | ) *[Filed concurrently with Request* |
| | ) *for Judicial Notice]* |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

    **PLEASE TAKE NOTICE** that on Apri8l 7, 2014 at 10:00 a.m. in

Courtroom 1  (2nd Floor) of the above court, located at 312 Spring Street, Los

Angeles, CA 90012, Defendant U.S. BANK, N.A. AS TRUSTEE FOR LEHMAN XS TRUST, SERIES 2006-GP1 ("US Bank" or "Defendant") will move this Court for an Order dismissing the Complaint ("Complaint") of Plaintiff ARGELIA CRUZ ("Plaintiff") pursuant to the *Federal Rules of Civil Procedure* ("FRCP"), Rule 12(b)(6), for the failure to state a claim upon which relief can be granted. This Motion will be brought on the grounds that, after reviewing the non-conclusive allegations of the Complaint, Plaintiff fails to plead essential facts which give rise to her claims.

This Motion is also brought following counsel for Defendants' good-faith attempts to conduct a meet and confer in accordance with ***Civil Local Rule 7-3***. The parties met and conferred on February 18, 2014 and again on February 21, 2014, pursuant to Fed. R. Civ. P. Rule 26(f) and Local Rule 26-1. An informal resolution was not reached.

This Motion is based upon this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, the Request for Judicial Notice filed concurrently herewith, the complete files and records in this action, the oral argument of counsel, if any, and such other and further evidence as the Court deems proper.

Respectfully submitted,

**WRIGHT, FINLAY & ZAK, LLP**

Dated:  February 21, 2014     By:     /s/ *Bradford E. Klein*
Robin P. Wright, Esq.
Bradford E. Klein, Esq.
Richard J. Lee, Esq.
Attorneys for Defendant,
U.S. BANK, N.A. AS TRUSTEE FOR
LEHMAN XS TRUST, SERIES 2006-GP1

-2-
NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

# **TABLE OF CONTENTS**

**Page No.**

MEMORANDUM OF POINTS AND AUTHORITIES ...........................1

I.  INTRODUCTION ...............................................................................1

II. STATEMENT OF FACTS...................................................................4

    A.  First And Operative Deed of Trust .............................................4

    B.  Junior Deed of Trust....................................................................5

    C.  Order Granting Relief From Stay................................................6

    D.  Notice of Default And Notice of Trustee's Sale..........................7

    E.  Plaintiff's Bankruptcy ................................................................7

    F.  Sale of The Property....................................................................8

    G.  Plaintiff's Motion to Vacate The Relief Order ...........................8

    H.  Relief Order Reaffirmed as Effective .........................................9

III. ARGUMENT.....................................................................................10

    1.  The Standards to Be Applied To a Motion To Dismiss.................10

    2.  The Entire Complaint Is Defective Because Plaintiff Has
        Failed To Comply with the Doctrine Of Tender...........................11

    3.  The March 25, 2013 Trustee's Sale Is Conclusively
        Presumed Valid .............................................................................13

    4.  Plaintiff's Cause Of Action For Wrongful Foreclosure In
        Violation Of Title 11 U.S.C. §362 Fails Because The
        Recorded Relief Order Provide3d Relief From Automatic
        Stay ................................................................................................15

    5.  Plaintiff's Cause Of Action To Set Aside Foreclosure Sale
        Fails Because The Recorded Relief Order Provided Relief
        From Automatic Stay ......................................................................16

    6.  Plaintiff's Cause Of Action To Void Or Cancel Trustee's
        Deed Upon Sale Fails Because The Recorded Relief Order
        Provided Relief From Automatic Stay............................................18

7.  Plaintiff's Cause Of Action For Declaratory Relief Fails
    Because The Recorded Relief Order Provided Relief From
    Automatic Stay ................................................................................ 18

8.  Leave to Amend Is Not Proper As there Exists No "Reasonable
    Possibility" that Plaintiff Can Cure The Defects In Her
    Complaint ......................................................................................... 20

IV.   CONCLUSION ............................................................................... 21, 22

1

**TABLE OF AUTHORITIES**

2
                                                                    Page No.
3

**Cases**

4

*Abdallah v. United Savings Bank,*

5
    (1996) 43 Cal.App.4th 1101, 1109......................................................11

6

*Arnolds Management Corp. v. Eischen,*

7
    (1984) 158 Cal.App.3d 575, 578-579 ...................................10, 11, 12

8

*Ashcroft v. Iqbal,*

9
    565 U.S. 662, 129 S.Ct. 1937 (2009), at 1949 .................................10

10

*Ball v. FleetBoston Financial Corp.,*

11
    (2008) 164 Cal.App.4th 794, 800......................................................18

12

*Batt v. City and County of San Francisco,*

13
    (2007) 155 Cal.App.4th 65, 82..........................................................18

14

*Bell Atl. Corp. v. Twombly,*

15
    550 U.S. 544, 555 ..............................................................................10

16

*California Ins. Guarantee Ass'n v. Sup. Ct.,*

17
    (1991) 231 Cal.App.3d 1617, 1623 ...................................................19

18

*City of Burbank v. Burbank-Glendale-Pasadena Airport Authority,*

19
    (2003) 113 Cal. App. 4th 465............................................................19

20

*City of Cotati v. Cashman,*

21
    (2002) 29 Cal. 4th 69, 80 ..................................................................19

22

*Conley v. Gibson,*

23
    355 U.S. 41, 45-46 (1957)................................................................10

24

*Davenport v. Litton Loan Servicing, LP,*

25
    725 F. Supp. 2d 862 (N.D. Cal. 2010) ..............................................15

26

*Fontenot v. Wells Fargo Bank, N.A.,*

27
    (2011) 198 Cal. App. 4th 256, 272, 129 Cal.Rptr.3d.........................15

28

1    *FPCI RE-HAB 01 v. E & G Investments, Ltd.,*
2        207 Cal.App.3d at p. 1022, 255 Cal.Rptr. 157 .................................................12
3    *General of America Ins. Co. v. Lilly,*
4        (1968) 258 Cal.App.2d 465, 470 .................................................................19
5    *Huene v. Cribb,*
6        (1908) 9 Cal. App. 141, 143-144 .................................................................14
7    *Ivey v. Board of Regents,*
8        673 F.2d 266, 268 (9th Cir. 1982) .............................................................11
9    *Jocer Enterprises, Inc. vs. Price,*
10       (2010), 183 Cal.App.4th 559, 572 ..............................................................20
11   *Karlsen v. American Savings & Loan Assoc.,*
12       (1971) 15 Cal.App.3d 112, 117 ...................................................................11
13   *Lona v. Citibank, N.A.,*
14       202 Cal. App. 4th 89, 104 (2011) ..........................................................12, 17
15   *Marques v. Fed. Home Loan Mortg. Corp.,*
16       No. 12cv1873-IEG (MDD), 2013 WL 1932920,
17       at *3 (S.D. Cal. May 8, 2013) ......................................................................19
18   *McMartin v. Children's Institute International,*
19       (1989) 212 Cal.App.3d 1393, 1408, 261 Cal.Rptr. 437.) ...................................20
20   *Melendrez v. D & I Investment, Inc.,*
21       (2005) 127 Cal. App. 4th 1238, 26 Cal. Rptr. 3d 413 .......................................15
22   *Mir v. Little Co. of Mary Hosp.,*
23       844 F.2d 646, 649 (9th Cir. 1988) ..............................................................11
24   *Moeller v. Lien,*
25       (1994) 25 Cal.App.4th 822, 830 .............................................................13, 14
26   *Nguyen v. Calhoun,*
27       (2003) 105 Cal.App.4th 428, 441 .................................................................14
28

*Residential Capital v. Cal-Western Reconveyance Corp.,*
   108 Cal. App. 4th 807, 827 (2003)..................................................17
*Robertson v. Dean Witter Reynolds, Inc.,*
   749 F.2d 530, 533-534 (9th Cir. 1984)...............................................10
*Schifando vs. City of Los Angeles,*
   (2003), 31 Cal.4th 1074, 1081...........................................................20
*Shuster v. BAC Home Loans Servicing, LP,*
   B235890, 2012 WL 5984222 (Cal. Ct. App. Nov. 29, 2012)...............13
*Simmons v. Peavy-Welsh Lumber Co.,*
   113 F.2d 812, 813 (5th Cir. 1940)......................................................11
*Starr v. Baca,*
   652 F.3d 1202, 1216 (9th Cir. 2011)..................................................10
*Student Loan Mktg. Ass'n,*
   181 F.R.D 629, 639 (S.D. Cal. 1998)..................................................10
*T.G. McCarthy v. Grider,*
   (1925) 72 Cal. App. 393....................................................................11
*Tempco Elec. Heater Corp. V. Omega Eng'g, Inc.,*
   819 F.2d 746, 749 (7th Cir. 1987).....................................................19
*Tiburon v. Northwestern Pac. R. Co.,*
   (1970) 4 Cal. App. 3d 160, 170.........................................................19
*Tina v. Countrywide Home Loans, Inc.,*
   2008 WL 4790906, at *2 (S.D. Cal. Oct. 30, 2008)............................19
*United States Cold Storage v. Great Western Savings & Loan Assoc.,*
   (1985) 165 Cal.App.3d 1214, 1222....................................................11
*Williams v. Koenig,*
   219 Cal. 656, 660 (1934)...................................................................18

**Statutes**

*Civil Code §§§§ 1486, 1493, 1494 and 1495.* .........................................11

*Civil Code* § 2924 ...................................................................................13, 15

*Civil Code* § 2924, subd. (b) ..............................................................13

*Civil Code* §§ 2924 through 2924 *l* ...................................................14

*Civil Code* § 3412 ..............................................................................18

**Federal Statutes**

11 U.S.C. § 362 ................................................................................1, 15

11 U.S.C. §§ 362(d)(1) and (d)(2) ......................................................9

11 U.S.C. §§ 362(d)(1) and 362(d)(4) ..............................................2, 6

11 U.S.C. § 362(d)(4) ....................................................................3, 7, 8

**Rules**

*FRCP,* Rule 8 ......................................................................................10

*FRCP,* Rule 8(a)(2) ...........................................................................10

*FRCP,* Rule 12 ..................................................................................10

**Other Authorities**

Miller & Starr, *California Real Estate* (3rd Ed 1989) 10 Deeds of Trust § 10:212,

     pages 658-659.................................................................................11

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's action is little more than an unjustified effort to interfere with and unwind the foreclosure of the subject property following her undisputed default on the loan years ago. In addition, the foreclosure sale was completed nearly a year ago, a Trustee's Deed Upon Sale was recorded, and there is a statutory presumption that the sale is valid. Perhaps most importantly, Plaintiff's causes of action are all based upon an erroneous argument that her bankruptcy petition, filed four days before the date of sale, somehow enacted an automatic stay, despite the fact that an Order for Relief from the Stay was already in effect.

Despite the caption of the Complaint, all of Plaintiff's claims are all based on her meritless claim that Defendant's recorded Order of Relief from Stay was somehow vacated. As all of Plaintiff's claims are based on this Title 11 U.S.C. § 362  argument, this subject matter is under the purview of the bankruptcy courts, where Plaintiff had already attempted three (3) times to delay or unwind the foreclosure at issue.[1] More importantly, Plaintiff's argument regarding the foreclosure sale being stayed was already heard and summarily rejected in her own recent bankruptcy case. Hence, Plaintiff's desperate and improper filing of the instant action with this Court.

Plaintiff further contends that this Court has diversity jurisdiction over the instant matter, yet Plaintiff admits in her Complaint that all parties are residents of California.[2]

The fact remains, that all of Plaintiff's claims lack merit and fail as a matter of law. First and foremost, Plaintiff's Complaint fails in its entirety because Plaintiff has not alleged, and is incapable of performing, a valid tender of the

---

[1] See U.S. Bankruptcy Court for the Central District of California case numbers 2:08-bk-24835 (reopened by Plaintiff), 2:09-bk-15024, and 2:13-bk-17353. See also U. S. Bankruptcy Appellate Panel for the Ninth Circuit case number 13-1281.

[2] See Complaint ¶¶ 1-3 on pgs. 1-2.

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1   loan's default. This "tender requirement" is a strict pre-requisite to any claim

2   challenging a foreclosure, particularly requests for injunctive or other forms of

3   equitable relief such as setting aside or unwinding the sale, which is precisely

4   what Plaintiff seeks to do here.

5        Moreover, Defendant's motion for relief from stay was effective throughout

6   the period claimed by Plaintiff. Fundamentally, Plaintiff alleges that the automatic

7   stay from her filing of bankruptcy petition 2:13-bk-17353 on March 21, 2013

8   barred the sale of the property at issue on March 25, 2013. This allegation is

9   patently false.

10        In bankruptcy case 2:08-bk-24835, Defendant's motion for relief from stay,

11   under 11 U.S.C. §§ 362(d)(1) and 362(d)(4), was ordered granted on November 2,

12   2012. This order was subsequently recorded on November 16, 2012 in the Official

13   Records of the Los Angeles County Recorder's Office, which provides at least

14   constructive notice to all parties of the relief ordered and provides such relief for

15   two (2) years from the date the order was effective. Bankruptcy case 2:08-bk-

16   24835 was closed on March 15, 2013.

17        A week later, and a mere four days before the property was to be sold at

18   auction, Plaintiff filed bankruptcy petition 2:13-bk-17353 on March 21, 2013.

19   Any possible automatic stay in regards to the property was relieved by the

20   recorded order granting *in rem* relief. The property was sold at auction on March

21   25, 2013 to defendant RAC Development, Inc., and a Trustee's Deed Upon Sale

22   was subsequently recorded on April 9, 2013.

23        Months after the sale was completed, on May 10, 2013, Plaintiff filed a

24   motion to reopen bankruptcy case 2:08-bk-24835, and concurrently filed a motion

25   to vacate the November 2, 2012Order granting *in rem* relief from the stay. On

26   June 4, 2013, the bankruptcy court issued an Order granting in part and denying in

27   part Plaintiff's motion to vacate the order. The bankruptcy court only granted the

28

-2-

relief sought by Plaintiff, which was for "vacating the Order,"[3] pursuant to 11 U.S.C. § 362(d)(4). Note that Plaintiff never sought in her motion, and *the bankruptcy court never ordered that "vacating the Order" would be retroactive*. Rather, the bankruptcy court "ORDERED that the provision of the [November 2, 2012 order granting relief from stay] granting relief under 11 U.S.C. § 362(d)(4) is vacated effective **upon entry of this order**."[4] Therefore, the recorded order granting relief from stay was effective *in rem*, under 11 U.S.C. § 362(d)(4), from November 2, 2012 until June 4, 2013. This period covers the time at which the foreclosure sale took place on March 25, 2013[5], and the period of which Plaintiff complains.

The contention that the order granting relief from stay was effective through the end of the foreclosure sale is further bolstered by the bankruptcy court's own reasoning and Order in case 2:13-bk-17353, granting RAC Development, Inc.'s motion for relief from stay.[6] In its motion, RAC Development, Inc. argued that *in rem* relief from stay was effective as ordered and recorded, and that the June 4, 2013 order vacating in part **was not retroactive**. The bankruptcy court agreed and granted the motion for relief, and further granted RAC Development annulment to the date the prior order ceased to be effective.

This action has no merit whatsoever. As discussed below, each of the causes of action fail as they rely entirely on the false premise that a stay was in effect at the time of sale. In bad faith, Plaintiff brings this action improperly before this Court, with the same nexus of facts and issues as she had litigated in numerous previous cases. In bad faith, Plaintiff had committed improper transfers of interest in the property and filed multiple failed bankruptcy petitions in efforts to delay, hinder, or defraud creditors such as Defendant.

---

[3] See case no. 2:08-bk-24835-PC, document 248, pgs. 2 and 10.
[4] See case no. 2:08-bk-24835-PC, document 258, pg. 2. (Emphasis added.)
[5] See RJN Ex. 12.
[6] See case no. 2:13-bk-17353-WB, document 55.

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1    As such, Defendant respectfully requests that the Court grant this motion in

2  its entirety and that Plaintiff's <u>Complaint be dismissed</u> <u>with prejudice</u>, that

3  sanctions and punitive damages be levied against Plaintiff,[7] that Defendant is

4  granted attorney's fees and costs,[8] that Plaintiff's Lis Pendens be ordered to be

5  stricken from public record, and that a bar be imposed on Plaintiff against filing

6  further actions in regards to the property without leave of the Court.

### II. STATEMENT OF FACTS

#### A. *First And Operative Deed Of Trust*

9    On March 8, 2006, Plaintiff executed a loan with GreenPoint Mortgage

10  Funding, Inc. ("Lender") for $712,000.00, plus interest.[9] The loan was secured by a

11  Deed of Trust ("DOT1") encumbering the real property located at 200 Santa Cruz

---

[7] Plaintiff (Argelia Cruz) and Plaintiff's counsel (Michael Poole) have full knowledge of the effectiveness of the relief from stay, yet continue to file this frivolous action and abuse the bankruptcy court system with dilatory filings. This pattern of bad faith constitutes a scheme to delay, hinder, and defraud creditors. Plaintiff and Plaintiff's counsel should be held jointly and severally liable for sanctions and punitive damages. In addition to improperly leaving a lis pendens recorded against the property and improperly transferring interest in the property without secured creditor's consent, Plaintiff and Plaintiff's counsel have initiated numerous frivolous and dilatory actions. (1) Plaintiff filed for Chapter 7 bankruptcy on March 5, 2009, case 2:09-bk-15024. It appears she abandoned the case, as it was dismissed for failure to file information on April 23, 2009. (2) Plaintiff through Plaintiff's counsel filed for Chapter 13 bankruptcy on March 21, 2013, case 2:13-bk-17353. It appears she filed the case only to attempt to use the automatic stay to delay, hinder, and defraud creditors, Defendant and its successor RAC. By the order granting RAC's motion, Plaintiff and her counsel knew and were noticed that their ploy for automatic stay was not acceptable to the court. It appears that after RAC obtained relief from stay, Plaintiff abandoned the case as well; and, she was dismissed on August 22, 2013. (3) Plaintiff through Plaintiff's counsel filed motions on May 10, 2013 to reopen bankruptcy case 2:08-bk-24835 and attempt to vacate Defendant's relief from stay. Plaintiff's motion to vacate order was granted in part and denied in part on June 4, 2013. Plaintiff and her counsel knew and were noticed that the order was "effective upon entry of [the] order" and not retroactive. (4) Plaintiff through Plaintiff's counsel appealed the order to the U.S. Bankruptcy Appellate Panel on June 18, 2013 as case 13-1281. It appears this appeal was abandoned as well, as it was dismissed on August 28, 2013 for lack of prosecution. (5) Plaintiff through Plaintiff's counsel filed for Chapter 13 bankruptcy on September 9, 2013, case 1:13-bk-15890, which was converted to Chapter 7 on September 20, 2013. It appears that Plaintiff abandoned this case too.
[8] *Ibid.*
[9] See Request for Judicial Notice ("RJN") Ex. 1.

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Road, Arcadia, CA 91007 (the "Property"), and naming Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary, and Marin Conveyancing Corporation as trustee.[10] The DOT was recorded on March 16, 2006.[11] Furthermore, Section 18 of the DOT clearly states:

> **"Transfer of the Property**.... If all or any part of the Property or any Interest in the Property is sold or transferred... without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument.... If Borrower fails to pay these sums... Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower."[12]

Despite the express terms of DOT1 and the elements of 11 U.S.C. §362(d)(4)(A), Plaintiff improperly and without lender's consent schemed and transferred interest in the Property to Cruz Investment Holdings Corporation ("Cruz Investment") on September 22, 2006.[13] On January 22, 2007Plaintiff caused the Property to be granted back from Cruz Investment to herself.[14]

### B. *Junior Deed Of Trust*

On or about July 3, 2007 Plaintiff also improperly transferred interest in the Property to Financial Plus Investments, Inc. ("Financial Plus") in the form of a Deed of Trust and Assignment of Rents ("DOT2").[15] Pursuant to Plaintiff's default on DOT2, Financial Plus foreclosed, and improperly attempted to transfer interest in the property to itself on or about June 17, 2008.[16]

On or about July 31, 2008 Plaintiff caused a Notice of Pendency of Action ("Lis Pendens") to be recorded against the Property.[17] The Lis Pendens has not

---

[10] *Ibid.*
[11] *Ibid.*
[12] *Ibid* at pg.11.
[13] See RJN Ex. 2.
[14] See RJN Ex. 3.
[15] See RJN Ex. 4.
[16] See RJN Ex. 5.
[17] See RJN Ex. 6.

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

been withdrawn, and continues to cloud title on the Property.[18] As the initial transfer to Financial Plus was improper, so is the Lis Pendens.[19]

On or about October 6, 2011, due to Plaintiff's initial improper transfer to Financial Plus, insolvent Financial Plus fraudulently attempted to transfer Defendant's interest in the property to SCC Funding Inc.:[20]

> "FOR VALUABLE CONSIDERATION, the undersigned hereby grants, assigns and transfers to SCC Funding Inc., A California Corporation all beneficial interest under that certain **Deed of Trust dated July 2, 2007 executed by Argelia Cruz, to Financial Plus Investments as Trustee, and recorded on March 16, 2006 as Instrument NO. 06-0560813** in the office of the County Recorded of LOS ANGELES COUNTY, California...."[21]

## C. *Order Granting Relief From Stay*

On September 12, 2008, Financial Plus filed a Chapter 7 petition for bankruptcy ("BK1").[22] During the pendency of BK1, Defendant's unopposed Motion for Relief from Stay ("MFR") was granted, and an Order ("Relief Order") issued thereon.[23] The Relief Order granted the motion under 11 U.S.C. §§362(d)(1) and 362(d)(4), the latter of which provides for *in rem* relief, and allowed Defendant to proceed with foreclosure of the Property.[24] The Relief Order further stated that:

> "The filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved... transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval.:"[25]

Furthermore, the Relief Order was properly recorded on November 16, 2012.[26] The

---

[18] *Ibid.*
[19] See RJN Ex. 4 and 6.
[20] See RJN Ex. 7.
[21] *Ibid* at pg. 2.
[22] See case no. 2:08-bk-24835-PC.
[23] See RJN Ex. 8
[24] *Ibid.*
[25] *Ibid.*
[26] See RJN Ex. 9.

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1    recording of the Relief Order provides notice, at the very least constructive notice,
2    of the *in rem* relief from stay as related to the Property.[27] Pursuant to 11 U.S.C.
3    §§362(d)(4), the proper recording of the Relief Order "shall be binding in any
4    other case under this title purporting to affect such real property filed not later than
5    2 years after the date of the entry of such order by the court."[28]
6        D. *Notice Of Default And Notice Of Trustee's Sale*
7            After recording the Relief Order, Defendant proceeded with the foreclosure
8    of the Property. Pursuant to Plaintiff's undisputed multiple defaults on her loan
9    obligations, and after four (4) previous notices of default were recorded by
10   Defendant, Defendant recorded a fifth, operative Notice of Default ("NOD") on
11   November 21, 2012.[29] Plaintiff was in arrears in the amount of $41,423.92 as of
12   November 20, 2012.[30]
13           As Plaintiff failed to cure the default, a Notice of Trustee's Sale ("NOTS")
14   was recorded on February 28, 2013.[31] At the time of publication, the total
15   estimated amount due was $923,105.49.[32] The Property was set to be sold at public
16   auction on March 25, 2013.[33]
17       E. *Plaintiff's Bankruptcy*
18           Four days before the Property was to be sold at auction, Plaintiff filed a
19   Chapter 13 petition for bankruptcy ("BK2") on March 21, 2013.[34] Ordinarily, there
20   would be an automatic stay arising from BK2; however, the recorded Relief Order
21   granted *in rem* relief regarding the Property from such automatic stay.[35]
22
23   _____
24   [27] *Ibid.*
25   [28] See 11 U.S.C. §§362(d)(4).
     [29] See RJN Ex. 10.
26   [30] *Ibid.*
     [31] See RJN Ex. 11.
27   [32] *Ibid.*
     [33] *Ibid.*
28   [34] See case no. 2:13-bk-17353-WB.
     [35] See RJN Ex. 8 and 9.

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**F. _Sale Of The Property_**

As BK2 failed to effectuate a stay against foreclosure on the Property, Defendant sold the property at public auction to RAC Development, Inc. ("RAC") on March 25, 2013.[36] Perfecting its interest in the Property, RAC duly recorded a Trustee's Deed Upon Sale ("TDUS") on April 9, 2013.[37] The amount of unpaid debt was $926,775.86.[38]

**G. _Plaintiff's Motion To Vacate The Relief Order_**

Months after the sale was completed, on May 10, 2013, Plaintiff filed a motion to reopen Financial Plus' BK1, and concurrently filed a motion to vacate the Relief Order.[39] On June 4, 2013 the court in BK1 issued an Order ("Vacating Order") granting in part and denying in part Plaintiff's motion to vacate the Relief Order.[40] The court only granted the relief sought by Plaintiff, which was for "vacating the Order,"[41] but only pursuant to 11 U.S.C. § 362(d)(4).[42] Plaintiff never sought in her motion,[43] and the bankruptcy court never ordered,[44] that "vacating the Order" would be retroactive. Instead, the court "ORDERED that the provision of the [Relief Order] granting relief under 11 U.S.C. § 362(d)(4) is vacated effective **upon entry of this order**."[45]

The court further ordered that the Relief Order "shall otherwise remain a final order of this court, and that the balance of the relief requested in the Cruz Motion is denied."[46] The court was explicit in its Vacating Order, that the Relief Order would maintain relief from stay for Defendants under 11 U.S.C. § 362(d)(1)

---

[36] See RJN Ex. 12.
[37] _Ibid._
[38] _Ibid._
[39] See case no. 2:08-bk-24835-PC, which was originally closed on March 15, 2013.
[40] See RJN Ex. 13.
[41] See case no. 2:08-bk-24835-PC, document 248, pgs. 2 and 10.
[42] See RJN Ex. 13, pg. 2.
[43] See case no. 2:08-bk-24835-PC, document 248, pgs. 2 and 10.
[44] See RJN Ex. 13, pg. 2.
[45] _Ibid._ (Emphasis added.)

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1   as to BK1; and, the recorded **Relief Order was effective *in rem* under 11 U.S.C.**

2   **§ 362(d)(4) from November 16, 2012 up until June 4, 2013.**[47] **The Relief Order**

3   **offered *in rem* relief against any automatic stay affecting the Property during**

4   **all relevant time periods,** including the time from Plaintiff's BK2 filing through

5   the sale of the Property and recording thereof.[48]

6       **H. *Relief Order Reaffirmed As Effective***

7         Upon RAC's motion for relief from stay in BK2,[49] the bankruptcy court

8   issued an Order ("Reaffirming Order") granting RAC relief from the automatic

9   stay arising from Plaintiff's BK2, under 11 U.S.C. § 362(d)(1) and (d)(2).[50] In its

10   motion, RAC argued that *in rem* relief from the recorded **Relief Order was**

11   **effective during the sale of the Property and subsequent recording** thereof.[51]

12   RAC further argued that the **Vacating Order was not retroactive,** only effective

13   from June 4, 2013 onwards.[52] The **court agreed and granted the motion for**

14   **relief with annulment to June 4, 2013.**[53] The Reaffirming Order allowed RAC to

15   continue its Unlawful Detainer action against Plaintiff.[54]

16         The court in Plaintiff's BK2 agreed that the Relief Order was effective and

17   the Vacating Order was not retroactive, making the recorded **Relief Order**

18   **effective *in rem* under 11 U.S.C. § 362(d)(4) from November 16, 2012 up until**

19   **June 4, 2013.**[55] The court further ordered that **Plaintiff's automatic stay "is**

---

46 *Ibid.*
47 *Ibid.*
48 *Ibid.*
49 See RJN Ex. 14.
50 See RJN Ex. 15.
51 See RJN Ex. 14.
52 *Ibid.*
53 See RJN Ex. 15.
54 *Ibid.*
55 *Ibid.*

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1    **annulled retroactive to June 4,"**[56] allowing RAC relief from any stay affecting

2    the Property from November 16, 2012 onwards.

3    **III.   ARGUMENT**

4    **1.   <u>The Standards To Be Applied To A Motion To Dismiss.</u>**

5    It is well-established that a complaint may be dismissed pursuant to *FRCP*

6    Rule 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts

7    in support of a claim which would entitle her to relief.[57] Specifically, even though

8    only a "short and plain statement" of the claim must be alleged pursuant to FRCP

9    Rule 8(a)(2), a complaint may be dismissed as a matter of law under *FRCP* Rule

10   12(b)(6) for (a) the lack of a cognizable legal theory or (b) insufficient facts under

11   a cognizable legal claim that is plausible on its face.[58] In terms of the latter,

12   "factual allegations must be enough to raise a right to relief above the speculative

13   level," and "more than labels and conclusions, and a formulaic recitation of the

14   elements of a cause of action," must be alleged.[59] Courts should dismiss any claim

15   "that fails to plead sufficiently all required elements of a cause of action."[60] The

16   United States Supreme Court, in *Ashcroft v. Iqbal*, admonished that FRCP Rule 8

17   "demands more than an unadorned, the-defendant-unlawfully-harmed-me

18   accusation."[61] The Ninth Circuit addressed post-*Ashcroft* pleading standards in

19   *Starr v. Baca.*[62] The *Starr* Court opined:

20   > "First, to be entitled to the presumption of truth, allegations in a
     > complaint or counterclaim may not simply recite the elements of a cause
21   > of action, but must contain sufficient allegations of underlying facts to
22   > give fair notice and to enable the opposing party to defend itself
     > effectively. Second, the factual allegations that are taken as true must
23

24   ---

25   [56] *Ibid.*
     [57] *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).
26   [58] *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533-534 (9th Cir. 1984); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 92007).
27   [59] *Twombly,* 550 U.S. at 555.
     [60] *Student Loan Mktg. Ass'n,* 181 F.R.D 629, 639 (S.D. Cal. 1998).
28   [61] Fed. R. Civ. P. 8; *Ashcroft v. Iqbal,* 565 U.S. 662, 129 S.Ct. 1937 (2009), at 1949.
     [62] *Starr v. Baca,* 652 F.3d 1202, 1216 (9th Cir. 2011).

-10-

plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."[63]

Additionally, the court may "take judicial notice of matters of public record outside the pleadings."[64] In instances where allegations in pleadings and the exhibits thereto conflict, the exhibits control.[65] Finally, a court may not "supply essential allegations of the claim that were not initially pled."[66]

As Plaintiff's claims for relief in this action all rely on the false contention that the foreclosure sale was stayed, Plaintiff falls drastically short of the pleading requirements to survive this Motion to Dismiss.

## 2. **The Entire Complaint Is Defective Because Plaintiff Has Failed To Comply With The Doctrine Of Tender.**

It is well settled that a borrower seeking to avoid an otherwise valid foreclosure sale must do equity by tendering the amount owing under the loan. In this regard, as a matter of law, in order to challenge a foreclosure sale for any reason, or cancel it, or to bring any claim arising from a foreclosure sale, the plaintiff must tender to cure the delinquent loan.[67] Further, the tender must be made in *good faith*; the party making the tender must have the *ability to perform*; and the tender must be *unconditional*.[68] **In addition, facts demonstrating the ability to tender are mandatory.** This rule was echoed in *T.G. McCarthy v.*

---

[63] *Ibid.*

[64] *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988).

[65] *Simmons v. Peavy-Welsh Lumber Co.* 113 F.2d 812, 813 (5th Cir. 1940).

[66] *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

[67] *Abdallah v. United Savings Bank* (1996) 43 Cal.App.4th 1101, 1109 (emphasis added.); see also, *United States Cold Storage v. Great Western Savings & Loan Assoc.* (1985) 165 Cal.App.3d 1214, 1222; *Karlsen v. American Savings & Loan Assoc.,* (1971) 15 Cal.App.3d 112, 117; *Arnolds Management Corp. v. Eischen* (1984) 158 Cal.App.3d 575, 578-579 .

[68] See, Miller & Starr, *California Real Estate* (3rd Ed 1989) 10 Deeds of Trust § 10:212, pages 658-659. see also, *Civil Code* §1486 (full performance), 1493 (good faith), 1494 (unconditional) and 1495 (offeror must have ability to perform).

*Grider,*[69] in which the court noted that while the money may not have to be produced with the offer, the party must have the "money in fact."[70] This requires the party to plead facts to show that on deposit in a bank to be identified in the offer, the money requisite to make good on the offer.[71]

Here, Plaintiff has failed to allege a tender altogether. As such, the entire action is barred at the outset as the tender requirement is a **strict prerequisite to any claim challenging a foreclosure**, particularly requests for injunctive or other forms of equitable relief. The Tender Rule is not merely limited to equitable claims. **Courts have consistently expanded the application of the tender rule beyond equitable causes of action to include any cause of action that is "implicitly integrated" with a foreclosure sale.**[72] In this case, each of Plaintiff's causes of action attack the foreclosure process and Plaintiff seeks to cancel and unwind the foreclosure sale. As such, each and every one of Plaintiff's causes of action are "implicitly integrated" with the foreclosure and **the tender rule applies as a bar to the entire Complaint.**[73]

Courts recognize certain exceptions to the tender rule, such as when the borrower challenges the validity of the underlying debt, asserts a counterclaim or set-off against the beneficiary or demonstrates the deed of trust is void on its face.[74] Here, Plaintiff's Complaint does not allege facts implicating these exceptions. They do not allege facts showing that delaying the foreclosure further would be anything other than a futile act or delay tactic.[75] As stated by the Court of Appeal in *Shuster v. BAC Home Loans Servicing, LP:*

---

[69] *T.G. McCarthy v. Grider* (1925) 72 Cal. App. 393.
[70] *T.G. McCarthy.* at 403.
[71] *Ibid.*
[72] *Arnolds,* 158 Cal.App.3d at 578-579.
[73] *Ibid.*
[74] *Lona v. Citibank, N.A.,* supra, 202 Cal.App.4th at pp. 112-114, 134 Cal.Rptr.3d 622.
[75] *Lona v. Citibank, N.A.,* supra, 202 Cal.App.4th at p. 112, 134 Cal.Rptr.3d 622; *FPCI RE-HAB 01 v. E & G Investments, Ltd.,* 207 Cal.App.3d at p. 1022, 255 Cal.Rptr. 157.

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

> "We are mindful that foreclosures are a far too frequent occurrence in today's difficult financial times. But the hardship must not become a haven for those who, as here, do not appear to make any good faith effort to resolve the issue but, instead, seek shelter in minor ministerial omissions or speculative acts that neither misled nor prejudiced them."[76]

In this matter, Plaintiff provides no facts to substantiate that she is ready, willing, or able to tender to cure her indebtedness under DOT1. Thus, Plaintiff has not adequately plead any injury in fact because she has not shown to the Court by any means that she would or even could be in a reasonable position to cure her default in the event the foreclosure sale was indeed canceled. *Adjudicating this matter would simply be an exercise in futility for the Court.* As such, the failure of Plaintiff to allege tender bars the Complaint and this Motion to Dismiss should granted in its entirety **without leave to amend**.

### 3. The March 25, 2013 Trustee's Sale Is Conclusively Presumed Valid.

Plaintiff seems to take issue with the foreclosure sale, which took place following her undisputed default under DOT1. *Civil Code* §§ 2924 through 2924k4 "provide a comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust."[77] *Moeller* summarizes the procedure leading up to a nonjudicial foreclosure as follows:

> "Upon default by the trustor [under a deed of trust containing a power of sale], the beneficiary may declare a default and proceed with a nonjudicial foreclosure sale. Civ.Code, § 2924. The foreclosure process is commenced by the recording of a notice of default and election to sell by the trustee. Civ.Code, § 2924. After the notice of default is recorded, the trustee must wait three calendar months before proceeding with the sale. Civ.Code, § 2924, subd. (b)... A properly **conducted nonjudicial foreclosure sale constitutes a final adjudication of the rights of the borrower and lender. Once the**

---

[76] *Shuster v. BAC Home Loans Servicing, LP*, B235890, 2012 WL 5984222 (Cal. Ct. App. Nov. 29, 2012).
[77] *Moeller v. Lien* (1994) 25 Cal.App.4th 822, 830.

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1       **trustee's sale is completed, the trustor has no further rights of**
2       **redemption**. The purchaser at a foreclosure sale takes title by a
3       trustee's deed. If the trustee's deed recites that all statutory notice
        requirements and procedures required by law for the conduct of the
4       foreclosure have been satisfied, **a rebuttable presumption arises**
5       **that the sale has been conducted regularly and properly**; this
        presumption is conclusive as to a bona fide purchaser. § 2924. The
6       statutory scheme has three purposes: (1) to provide the
7       creditor/beneficiary with a quick, inexpensive and efficient remedy
        against a defaulting debtor/trustor; (2) to protect the debtor/trustor
8       from wrongful loss of the property; and (3) to ensure that a properly
9       conducted sale is final between the parties and conclusive as to a bona
        fide purchaser."[78]
10

11  As such, it is settled law in California that "[i]f the trustee's deed recites that all

12  statutory notice requirements and procedures required by law for the conduct of the

13  foreclosure have been satisfied, a rebuttable presumption arises that the sale has

14  been conducted regularly and properly,"[79] under the detailed regulatory provisions

15  of California *Civil Code* §§ 2924 through 2924 *l*.[80] Specifically, *Civil Code*

16  §2924(c) provides that:

17      "(c) A recital in the deed executed pursuant to the power of sale of
18      compliance with all requirements of law regarding the mailing of copies
        of notices or the publication of a copy of the notice of default or the
19      personal delivery of the copy of the notice of default or the posting of
20      copies of the notice of sale or the publication of a copy thereof shall
        constitute **prima facie evidence of compliance** with these requirements
21      and **conclusive evidence thereof** in favor of bona fide purchasers and
22      encumbrancers for value and without notice."

23  Thus, as a matter of law, the completed trustee's sale is presumed to be valid. This

24  conclusive presumption of validity precludes an attack by a trustor, such as

25  Plaintiff here, on the trustee's sale to a bona fide purchaser, even where the trustee

26

27  [78] *Ibid.*
    [79] *Nguyen v. Calhoun* (2003) 105 Cal.App.4th 428, 441.
28  [80] *Moeller v. Lien* (1994) 25 Cal.App.4th 822, 830; *Huene v. Cribb* (1908) 9 Cal. App. 141, 143-144 (power of sale must be express in the deed of trust).

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1  wrongfully rejected a proper tender of reinstatement or redemption.[81]  In this

2  matter, the April 9, 2013 TDUS[82] contains the necessary recitals pursuant to *Civil*

3  *Code* § 2924(c), and the sale is therefore conclusively presumed valid. As a result,

4  Plaintiff is barred from challenging the sale.

5  　　　　Further, Plaintiff has utterly failed to meet her burden in setting forth non-

6  conclusory allegations to the contrary. The statutory presumption that a nonjudicial

7  foreclosure sale was conducted regularly and fairly **may be rebutted only by**

8  **substantial evidence of prejudicial procedural irregularity**.[83] The party

9  challenging a trustee's foreclosure sale has the burden to prove irregularity and

10  thereby overcome the presumption of the sale's regularity[84] and to demonstrate

11  resulting prejudice.[85] Here, Plaintiff is asking for the sale and the TDUS to be set

12  aside, but Plaintiff has not alleged sufficient facts to justify the relief she seeks.

13  　　**4.   Plaintiff's Cause Of Action For Wrongful Foreclosure In Violation Of**

14  　　　　**Title 11 U.S.C. §362 Fails Because The Recorded Relief Order Provided**
        **Relief From Automatic Stay.**

15

16  　　　　Plaintiff's only argument for her first cause of action of wrongful foreclosure

17  is based solely on her filing of BK2 on March 21, 2013, alleging that the filing

18  caused an automatic stay under 11 U.S.C. § 362 to go into effect.[86] As discussed in

19  detail above, Plaintiff is intentionally obfuscating the fact that the Relief Order

20  recorded on November 16, 2012 provided *in rem* relief from automatic stays

21  affecting the Property, up until June 4, 2013 pursuant to the Vacating Order. The

22  properly judicially noticeable documents in the RJN, filed concurrently herewith,

23  are self-evident in regards to this issue. Plaintiff is on notice for all of those

24  _____

25  [81] *Moeller v. Lien* (1994) 25 Cal.App.4 822, 831-832.

26  [82] See RJN Ex. 12.
    [83] *Melendrez v. D & I Investment, Inc.* (2005) 127 Cal. App. 4th 1238, 26 Cal. Rptr. 3d 413.

27  [84] *Melendrez*, 127 Cal. App. 4th 1238.

28  [85] *Davenport v. Litton Loan Servicing, LP*, 725 F. Supp. 2d 862 (N.D. Cal. 2010) (applying
    California law); Civil Code §2924; *Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal. App. 4th
    256, 272, 129 Cal.Rptr.3d.

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1  relevant judicially noticeable documents in the RJN, failed to show the Court in

2  BK2 that her petition had been filed in good faith in order to overcome the in rem

3  relief granted in BK1, and was actively involved in the prosecution of the Vacating

4  Order and the opposition of the Reaffirming Order. Therefore, Plaintiff's argument

5  fails, fatally.

6      Additionally, Plaintiff's conclusory claim that "[a]s result of wrongful

7  foreclosure, Plaintiff suffered harm by losing her home and being forced out of her

8  family home,"[87] puts the cart before the horse. Plaintiff alleges damages and injury

9  as a result of there being a finding that her cause of action already prevails. This is

10 nonsensical and patently false. Contrary to her conclusion, Plaintiff lost her home

11 because of her undisputed multiple defaults on her loan obligations, her amassed

12 unpaid debt of $926,775.86, her failure to cure the default, and her failed attempts

13 to abuse the bankruptcy and related automatic stay processes. Contrary to her

14 conclusion, Plaintiff was not forced out of her family home; rather, as the judicially

15 noticeable documents clearly show, she caused damage and injury to the bona fide

16 purchaser, RAC, for having to expend unnecessary time, effort, and money to fight

17 Plaintiff's frivolous actions and to file its own Unlawful Detainer action against

18 Plaintiff. Plaintiff's attempt to mislead the Court is blatant and made in bad faith.

19  **5.  Plaintiff's Cause Of Action To Set Aside Foreclosure Sale Fails Because
20      The Recorded Relief Order Provided Relief From Automatic Stay.**

21     Like Plaintiff's wrongful foreclosure claim, Plaintiff's second cause of

22 action to set aside the foreclosure sale is based solely on the fatally flawed

23 argument that a stay was in effect during the sale.[88] As discussed in detail above,

24 the recorded Relief Order was effective during the affected time period, providing

25 *in rem* relief against Plaintiff's alleged automatic stay.

26     Also like in Plaintiff's wrongful foreclosure claim, Plaintiff repeats the exact

27

28

---

[86] See Complaint ¶¶ 28-30 on pg. 5.
[87] See Complaint ¶ 31 on pg. 6.

-16-

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

same conclusion, that she suffered harm due to the alleged "wrongful foreclosure."[89] As discussed in detail above, Plaintiff's alleged harms are not due to any act or omission by Defendant; rather, any and all harms suffered by Plaintiff were due solely to her own acts or omissions, namely her uncured multiple defaults on her loan obligations.

Plaintiff asks that the Court issue an order to set aside the sale of the Property. As discussed above in detail, the comprehensive statutory scheme regulating nonjudicial foreclosure sales "is intended to be exhaustive."[90] Accordingly, courts are generally hesitant to interfere in a nonjudicial foreclosure sale. Case law instructs that the elements of an equitable cause of action to set aside a foreclosure sale are: (1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgager) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering.[91] Here, Plaintiff fails as the first element, as the Relief Order allowed Defendant to legally and properly proceed with the foreclosure sale. As to the second element, as discussed above, Plaintiff was not prejudiced or harmed by any act or omission of Defendant, but rather because of her own defaults and breaches. As to the third element, Plaintiff's failure to tender bars the claim.

///

///

///

---

[88] See Complaint ¶¶ 36-38 on pg. 6.
[89] See Complaint ¶ 40 on pg. 6.
[90] *Residential Capital v. Cal-Western Reconveyance Corp.*, 108 Cal. App. 4th 807, 827 (2003) (citations omitted).
[91] *Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 104 (2011) (citations omitted).

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

6. **Plaintiff's Cause Of Action To Void Or Cancel Trustee's Deed Upon Sale Fails Because The Recorded Relief Order Provided Relief From Automatic Stay.**

Plaintiff's third cause of action to void or cancel the TDUS again puts the cart before the horse. While admitting that the TDUS is valid on its face, Plaintiff goes on to argue that it is "void due to the wrongful foreclosure."[92] While one could logically argue the inverse, that a foreclosure was improper due to some defect in a recorded title document, such as if the Relief Order was never recorded, Plaintiff's argument and claim is unintelligible and nonsensical. Even assuming that this logical fallacy was overcome, the foreclosure sale was proper because the recorded Relief Order provided relief from Plaintiff's purported automatic stay, as discussed in detail above.

California *Civil Code* § 3412 ("Section 3412") provides that "a written instrument in which there is reasonable apprehension that if left outstanding it may cause serious injury to a person against who its void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled."[93]  Here, as discussed above in detail, Plaintiff's allegation that the TDUS is invalid fails, fatally. As such, Plaintiff's claim fails as a matter of law. Moreover, Plaintiff fails to allege a full and unconditional tender of the amount owing under DOT1, or the means by which such payment will be accomplished, as required by California law. As such, Plaintiff's claim is barred. Therefore, Plaintiff cannot seek equitable relief since Plaintiff has not done equity.[94]  Plaintiff's claim for cancellation fails and the Motion to Dismiss should be sustained without leave to amend.

7. **Plaintiff's Cause Of Action For Declaratory Relief Fails Because The Recorded Relief Order Provided Relief From Automatic Stay.**

At the outset, it must be noted that Plaintiff's fourth cause of action for

---

[92] See Complaint ¶ 43, on pg. 7.
[93] *Civil Code* § 3412. (Emphasis added).

-18-

declaratory relief fails because declaratory relief is not considered to be a viable cause of action in California.[95] Even assuming that it is a viable action, an action for declaratory relief generally will not lie to determine an issue which is already the subject of an existing claim.[96]

> "The declaratory relief statute should not be used for the purpose of anticipating and determining issues which can be determined in the main action. The object of the statute is to afford a new form of relief where needed and not to furnish a litigant with a second cause of action for the determination of identical issues."[97]

Plaintiff is impermissibly seeking declaratory relief on precisely the same issues that are already before the Court in Plaintiffs other causes of action.[98] California courts have held that the main requirement for declaratory relief is a present and actual controversy between the parties.[99]  An actual, present controversy must be pled specifically and "the facts of the respective claims concerning the [underlying] subject must be given."[100] Furthermore, a plaintiff seeking to allege a cause of action for declaratory relief must plead facts indicating an actual controversy involving justiciable questions relating to the rights or obligations of a party.[101] "Declaratory relief is appropriate where there is a justiciable controversy, *but not where the dispute is moot, or only hypothetical or academic.*"[102] Moreover, "[a] federal court may decline to address a declaratory

---

[94] *Williams v. Koenig*, 219 Cal. 656, 660 (1934).

[95] *Batt v. City and County of San Francisco* (2007) 155 Cal.App.4th 65, 82 (declaratory relief is not an independent cause of action, but a form of equitable relief); *Ball v. FleetBoston Financial Corp.* (2008) 164 Cal.App.4th 794, 800 (A dismissal of a claim for declaratory relief is proper where that claim is wholly derivative of other non-viable causes of action).

[96] *California Ins. Guarantee Ass'n v. Sup. Ct.* (1991) 231 Cal.App.3d 1617, 1623.

[97] *Ibid.* at 1624, citing *General of America Ins. Co. v. Lilly* (1968) 258 Cal.App.2d 465, 470.

[98] See Complaint ¶¶ 47-49 on pgs. 7-8.

[99] *City of Cotati v. Cashman* (2002) 29 Cal. 4th 69, 80.

[100] *Ibid.*

[101] *Tiburon v. Northwestern Pac. R. Co.* (1970) 4 Cal. App. 3d 160, 170.

[102] *City of Burbank v. Burbank-Glendale-Pasadena Airport Authority* (2003) 113 Cal. App. 4th 465. (Emphasis added.)

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

relief claim '[w]here the substantive suit would resolve the issues raised by the declaratory judgment action… because the controversy has "ripened" and the uncertainty and anticipation of litigation are alleviated.'"[103]

Here, Plaintiff fails to plead any facts or allege any justiciable controversy in her Complaint. Plaintiff has not specifically pled "a present and actual controversy" between herself and Defendant; rather, Plaintiff merely recites that that there is an actual controversy.[104] Moreover, this "dispute is moot, or only hypothetical or academic" as the presumption that the TDUS is valid is not rebutted, Plaintiff's BK2 is dismissed and closed, Plaintiff has not and cannot cure her default, Plaintiff has failed to tender barring the entire action, and Plaintiff has not been prejudiced. Finally, as Plaintiff's arguments for declaratory relief relies completely, again, on the wrongly alleged automatic stay issue addressed above, the "substantive suit would resolve the issues raised by the declaratory judgment action" and the declaratory relief claim should be dismissed.

## 8. Leave To Amend Is Not Proper As There Exists No "Reasonable Possibility" That Plaintiff Can Cure The Defects In Her Complaint.

Plaintiffs' Complaint is severely and utterly defective. As discussed exhaustively above, Plaintiff's sole argument is fundamentally and fatally flawed, and is in diametrically opposed to the judicially noticeable exhibits filed concurrently herewith. Leave to amend is proper only when there is a "reasonable possibility" that Plaintiff can cure the defects of the Complaint.[105] *The burden is on Plaintiff* to show "in what manner [she] can amend [her] complaint and how

---

[103] *Marques v. Fed. Home Loan Mortg. Corp.*, No. 12cv1873-IEG (MDD), 2013 WL 1932920, at *3 (S.D. Cal. May 8, 2013) (quoting *Tina v. Countrywide Home Loans, Inc.*, 2008 WL 4790906, at *2 (S.D. Cal. Oct. 30, 2008) (quoting *Tempco Elec. Heater Corp. V. Omega Eng'g, Inc.*, 819 F.2d 746, 749 (7th Cir. 1987))).
[104] See Complaint ¶ 46 on pg. 7.
[105] *Schifando vs. City of Los Angeles* (2003), 31 Cal.4th 1074, 1081.

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

that amendment will change the legal effect of [her] pleading."[106] Here, Plaintiff does not and cannot demonstrate how she could possibly amend her complaint to assert a valid cause of action as to Defendant, as all of Plaintiff's theories, arguments, and claims are universally rejected and are well-settled in California.

## IV.   CONCLUSION

This action has no merit whatsoever. As set forth above, Plaintiff's entire Complaint fails to state any claim upon which relief can be granted. All of Plaintiff's claims are contradicted by the recorded title documents and relevant court orders, are deficiently pled, or rely on legal theories that have no application to the facts of this case. As discussed above, each of the causes of action fail as they rely entirely on the false premise that a stay was in effect at the time of sale. In bad faith, Plaintiff brings this action improperly before this Court, with the same nexus of facts and issues as she had litigated in numerous previous cases. In bad faith, Plaintiff had committed improper transfers of interest in the property and filed multiple failed bankruptcy petitions in a scheme to delay, hinder, or defraud creditors such as Defendant.

For the foregoing reasons, Defendant respectfully requests that:

1. The Court grant this motion in its entirety and that Plaintiff's <u>Complaint be dismissed with prejudice</u>;

2. Sanctions and punitive damages be levied against Plaintiff;[107]

3. Defendant is granted attorney's fees and costs;[108]

4. Plaintiff is barred from filing further actions in regards to the Property without leave of the Court; and

5. The Lis Pendens recorded against the Property be ordered stricken from

---

[106] *Jocer Enterprises, Inc. vs. Price* (2010), 183 Cal.App.4th 559, 572; See also *McMartin v. Children's Institute International* (1989) 212 Cal.App.3d 1393, 1408, 261 Cal.Rptr. 437.).

[107] See Footnote 7, above. Plaintiff and Plaintiff's counsel, jointly and severally, have acted in a pattern of bad faith which would constitute a scheme to delay, hinder, and defraud creditors.

[108] *Ibid.*

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1    public record upon the recordation of a certified copy of the order on this

2    motion.

3

4                           Respectfully submitted,

5                           **WRIGHT, FINLAY & ZAK, LLP**

6

7 Dated:  February 21, 2014     By:      _/s/ Bradford E. Klein_

8                                  Robin P. Wright, Esq.

                                   Bradford E. Klein, Esq.

9                                  Richard J. Lee, Esq.

10                                Attorneys for Defendant,

                                 U.S. BANK, N.A. AS TRUSTEE FOR

11                                LEHMAN XS TRUST, SERIES 2006-GP1

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

# PROOF OF SERVICE

I, Jovete Elguira, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On February 21, 2014, I served the within **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on all interested parties in this action as follows:

[X]   by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Michael L. Poole
Law Offices of Michael L. Poole
15303 Ventura Blvd., Ste 900
Sherman Oaks, CA 91403
Attorney for Angelia Cruz

[X]   (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[X]   (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(b)(2)(E). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

[X]   (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 21, 2014, at Newport Beach, California.

_____
Jovete Elguira                                         1

**PROOF OF SERVICE**